**PHILLIPS DAYES**
NATIONAL EMPLOYMENT LAW FIRM
*A Professional Corporation*

3101 North Central Avenue, Suite 1500
Phoenix, Arizona 85012
Telephone: 1-800-JOB-LAWS
docket@phillipsdayeslaw.com
TREY DAYES, No. 020805
SEAN DAVIS, No. 030754
(602) 288-1610 ext. 301
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Walter Dolan;<br><br>            Plaintiff,<br><br>    vs.<br><br>World Wide Stone Corporation, Inc., a Nevada corporation; Frank Cunningham and Jane Doe Cunningham, husband and wife; John Heck and Jane Doe Heck, husband and wife; Joel Allred and Jane Doe Allred, husband and wife | Case No.: _____<br><br>**COMPLAINT** |

Plaintiff Walter Dolan, for his Complaint against Defendants, alleges as follows:

### NATURE OF THE CASE

1.  The Fair Labor Standards Act is designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers." 29 U.S.C. § 202(a). To achieve its goals, the FLSA sets minimum wage and overtime pay requirements for covered employers. *See* 29 U.S.C. §§ 206(a), 207(a).

2. Employers must compensate employees for all work that employers permit employees to perform. *See* 29 C.F.R. § 785.11. In such cases, it is the responsibility of employers' management to ensure that work is not performed if management does not desire for such work to be performed. *See* 29 C.F.R. § 785.13. Employers may not accept the benefits of employees performing work without compensating the employees for their work. *Id.*

3. Plaintiff brings this action against Defendants for unlawful failure to pay overtime wages in direct violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA").

4. Defendants had a consistent policy and practice of requiring its employees to work well in excess of forty (40) hours per week without paying them time and a half for hours worked over forty (40) hours per week.

5. Plaintiff seeks to recover unpaid overtime compensation and an equal amount of liquidated damages, including interest thereon, statutory penalties, attorneys' fees, and costs pursuant to 29 U.S.C. § 216(b).

## **JURISDICTION AND VENUE**

6. This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b), and 28 U.S.C. § 1331.

7. Venue is proper under 28 U.S.C. § 1391(b) because Defendants reside within the State in which this District Court is located and because a substantial part of the events or omissions giving rise to this matter occurred in this District.

8. The named Defendants, by virtue of their own acts and omissions or by virtue of the acts and omissions committed by one or more of their agents, employees or representatives, as described herein, have conducted business or caused events to occur within the District of Arizona and, more particularly, within Maricopa County, Arizona, as more particularly described herein so as to give rise to both subject matter and personal jurisdiction of this Court.

## PARTIES

9. At all times material hereto, Plaintiff was a resident of Maricopa County, Arizona.

10. At all times material hereto, World Wide Stone Corporation, Inc. was incorporated in the State of Nevada, with its principal place of business in Maricopa County, Arizona.

11. Upon information and belief, at all times material hereto, Defendant Frank Cunningham, was and continues to be a resident of Maricopa County, Arizona.

12. Jane Doe Cunningham is Frank Cunningham's wife. Frank and Jane Doe Cunningham have caused events to take place giving rise to this Complaint as to which their marital community is fully liable.

13. Upon information and belief, at all times material hereto, Defendant John Heck, was and continues to be a resident of Maricopa County, Arizona.

14. Jane Doe Heck is John Heck's wife.  John and Jane Doe Heck have caused events to take place giving rise to this Complaint as to which their marital community is fully liable.

15. Upon information and belief, at all times material hereto, Defendant Joel Allred, was and continues to be a resident of Maricopa County, Arizona.

16. Jane Doe Allred is Joel Allred's wife.  Joel and Jane Doe Allred have caused events to take place giving rise to this Complaint as to which their marital community is fully liable.

17. Upon information and belief, and consistent with the information available from the Arizona Corporation Commission, Defendants Frank Cunningham, John Heck, and Joel Allred were and are the owners of World Wide Stone Corporation, Inc.

18. At all relevant times, Plaintiff was an "employee" of Defendants, as defined by 29 U.S.C. § 203(e)(1).

19. The provisions set forth in 29 U.S.C. § 207 of the FLSA apply to Defendants.

20. At all relevant times, each of the Defendants was and continues to be an "employer" as defined in 29 U.S.C. § 203(d).

21. Each of the Defendants should be deemed an "employer" for purposes of the FLSA including, without limitation, 29 U.S.C. § 216.

22. Defendant Frank Cunningham is deemed an "employer" for purposes of the FLSA, including, without limitation, 29 U.S.C. §216.

23. Defendant John Heck is deemed an "employer" for purposes of the FLSA, including, without limitation, 29 U.S.C. §216.

24. Defendant Joel Allred is deemed an "employer" for purposes of the FLSA, including, without limitation, 29 U.S.C. §216.

25. All Defendants are co-equally liable for all matters.

26. Defendant Frank Cunningham made all decisions on the daily activities of his employees and is therefore individually liable under the FLSA.

27. Defendant Frank Cunningham makes all decisions regarding pay policies for World Wide Stone Corporation, Inc.

28. Defendant John Heck made all decisions on the daily activities of his employees.

29. Defendant John Heck makes all decisions regarding pay policies for World Wide Stone Corporation, Inc.

30. Defendant Joel Allred made all decisions on the daily activities of his employees.

31. Defendant Joel Allred makes all decisions regarding pay policies for World Wide Stone Corporation, Inc.

32. Defendant Frank Cunningham exerted financial control over World Wide Stone Corporation, Inc.

33. Defendant Frank Cunningham exerted operative control over World Wide Stone Corporation, Inc.

34. Defendant John Heck exerted financial control over World Wide Stone Corporation, Inc.

35. Defendant John Heck exerted operative control over World Wide Stone Corporation, Inc.

36. Defendant Joel Allred exerted operative control over World Wide Stone Corporation, Inc.

37. Defendant Joel Allred exerted financial control over World Wide Stone Corporation, Inc.

38. Defendant Frank Cunningham has the power to close World Wide Stone Corporation, Inc.

39. Defendant John Heck has the power to close World Wide Stone Corporation, Inc.

40. Defendant Joel Allred has the power to close World Wide Stone Corporation, Inc.

41. Defendant Frank Cunningham has the power to hire and fire employees.

42. Defendant John Heck has the power to hire and fire employees.

43. Defendant Joel Allred has the power to hire and fire employees.

44. Defendant Frank Cunningham hired managerial employees.

45. Defendant John Heck hired managerial employees.

46. Defendant Joel Allred hired managerial employees.

47. On information and belief, Defendant Frank Cunningham maintained employment records.

48. On information and belief, Defendant John Heck maintained employment records.

49. On information and belief, Defendant Joel Allred maintained employment records.

50. On information and belief, Defendant Frank Cunningham dictated the corporate message in pending labor investigations.

51. On information and belief, Defendant John Heck dictated the corporate message in pending labor investigations.

52. On information and belief, Defendant Joel Allred dictated the corporate message in pending labor investigations.

53. Defendant Frank Cunningham profited from the FLSA violations detailed in this complaint.

54. Defendant John Heck profited from the FLSA violations detailed in this complaint.

55. Defendant Joel Allred profited from the FLSA violations detailed in this complaint.

56. At all times material to this action, each of the Defendants was and continues to be an "enterprise engaged in commerce or in the production of goods for commerce" as defined by 29 U.S.C. § 203(s)(1).

57. As a regional account representative, Plaintiff traveled outside the state of Arizona to meet with clientele and attend trade shows.

58. As a regional account representative, Plaintiff sold products to out of state customers.

59. Plaintiff engaged in commerce or in the production of goods for commerce and is therefore individually covered under the FLSA pursuant to 29 U.S.C. §§206(a), 207(a)(1), 212(c).

60. Plaintiff was involved in transacting business across state lines via interstate telephone calls or the U. S. Mail which included taking new orders from customers.

61. Plaintiff was involved in ordering or receiving goods from out-of-state suppliers.

62. Plaintiff was involved in handling the accounting or bookkeeping for the ordering or receiving of goods from out-of-state suppliers.

63. Plaintiff also handled credit card and check transactions that involved the interstate banking and finance systems.

64. On information and belief, at all relevant times, the annual gross revenue of Defendants exceeded, and continues to exceed, $500,000.00.

## FACTUAL BACKGROUND

65. World Wide Stone Corporation, Inc. is a producer of natural, dimensional, marble limestone and travertine products.

66. World Wide Stone Corporation, Inc. owns and operates rock quarries and factories that produce the stone to be sold to their clientele.

67. World Wide Stone Corporation, Inc. hired Plaintiff on October 28, 2013 as a regional account representative.

68. Plaintiff's job duties and responsibilities included being the point of contact for Defendants' California, Oregon, Washington, Alaska, and British Columbia clientele.

69. Plaintiff was also tasked with growing the client base over months past via fostering and developing new client relations.

70. Plaintiff took orders and assisted clients in determine the best kind of stone for their construction needs.

71. World Wide Stone Corporation, Inc. compensated Plaintiff at an hourly rate of $19.23 per hour.

72. Defendants withheld taxes out of Plaintiff's paycheck pursuant to IRS regulations.

73. Plaintiff's regular schedule was five days per week.

74. Defendants told Plaintiff that his main task was to grow company sales from the prior term.

75. Plaintiff informed Defendants that in order to do so he would have to work more than 40 hours each week.

76. Defendants gave Plaintiff a key to the office and instructed him that he was allowed to work as many hours as he needed to complete the tasks but was not allowed to claim any hours over forty in a week.

77. Therefore, Plaintiff would only be paid for forty hours each work week.

78. Plaintiff would have to arrive at 8:00 am every day he was on the schedule, but Plaintiff arrived at 7:45 every day, and was not able to leave work until at least 8:00 p.m. each day that he was on the schedule.

79. Plaintiff worked these long hours at Defendants' office in Phoenix, Arizona, Defendant Cunningham, Robert Livingston, and David Gerth personally witnessed Plaintiff work such hours as they were usually in the office late into the night as well.

80. Each and every week that Plaintiff has worked his regular schedule, he has worked over forty hours in a week.

81. Plaintiff was a non-exempt employee.

82. Plaintiff had no supervision or management responsibilities.

83. Plaintiff could neither hire nor fire employees.

84. Plaintiff had no authority to exercise significant independent judgment on issues that affect the whole company when carrying out his job responsibilities.

85. Defendants managed, supervised, and directed all aspects of Plaintiff's job duties and responsibilities.

86. Plaintiff's primary duty was not the performance of work directly related to the management or general business operations of World Wide Stone Corporation, Inc. or its' customers.

87. Plaintiff's primary duty was not the performance of work requiring advanced knowledge in a field of science or learning that was acquired by a prolonged course of specialized intellectual instruction.

88. Plaintiff did not perform work requiring advanced knowledge.

89. Plaintiff did not perform work in a field of science or learning.

90. Plaintiff did not have an advanced degree and was not required to have one to perform the work.

91. The knowledge required to perform the work of regional account representative is not acquired by a prolonged course of specialized intellectual study.

92. Plaintiff's work did not require consistent exercise of discretion and judgment.

93. Plaintiff's work did not require him to analyze, interpret, or make deductions from varying facts or circumstances.

94. Plaintiff's duties were carried out in a mechanical and routine manner and he had no authority to make independent decisions in performing those duties.

95. Plaintiff's work did not require invention, imagination, originality, or talent.

96. Plaintiff's work did not require creative or original analysis and interpretation.

97. By improperly dictating to Plaintiff that he would not be paid for any overtime hours, Defendants are depriving Plaintiff upwards of twenty or more hours of overtime pay each and every week.

98. Defendants did not pay Plaintiff overtime.

99. Commissions did not consist of more than half of Plaintiff's weekly earnings.

100. Plaintiff has retained the law firm of Phillips Dayes National Employment Law Firm to prosecute his claims against Defendants on his behalf and has agreed to pay reasonable costs and attorney's fees in the prosecution of this matter.

## COUNT ONE
## OVERTIME VIOLATION—29 U.S.C. § 207

101. Plaintiff incorporates and adopts paragraphs 1 through 100 above as if fully set forth herein.

102. While employed by Defendants, Plaintiff regularly worked multiple hours of overtime per week.

103. Plaintiff was a non-exempt employee.

104. Defendants have intentionally and willfully failed and refused to pay Plaintiff overtime according to the provisions of the FLSA.

105. On information and belief, Defendants further engaged in a widespread pattern and practice of violating the provisions of the FLSA by failing to pay Plaintiff in accordance with 29 U.S.C. § 207.

106. As the direct and proximate result of Defendants' violations of the FLSA, Plaintiff has suffered damages by failing to receive compensation in accordance with 29 U.S.C. § 207.

107. Pursuant to 29 U.S.C. § 216, Defendants are liable to Plaintiff for an amount equal to one and one-half times his regular pay rate for each hour of overtime worked per week.

108. In addition to the amount of unpaid wages owed to Plaintiff, he is also entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

109. On information and belief, Defendants' conduct in failing to properly compensate Plaintiff, in violation of the FLSA, was willful.

110. Defendants have not made a good faith effort to comply with the FLSA. Plaintiff has been required to bring this action to recover his overtime compensation, and his statutory liquidated damages, and as the direct and foreseeable result of Defendants' conduct, Plaintiff has incurred costs and attorneys' fees.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendants:

    a. Awarding Plaintiff overtime compensation in the amount due for all of his time worked in excess of forty (40) hours per week at a pay rate

equal to one and one-half times Plaintiff's regular rate of pay while at work for Defendants, in an amount proved at trial;

b. Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

c. Awarding Plaintiff reasonable attorneys' fees, costs, and expenses of the litigation pursuant to 29 U.S.C. § 216(b);

d. Awarding Plaintiff pre-judgment interest, at the highest legal rate, on all amounts awarded under subsections (a) and (b) above from the date of the payment due for that pay period until paid in full;

e. Awarding Plaintiff post-judgment interest, at the highest legal rate, on all awards from the date of such award until paid in full; and

f. For such other and further relief as the Court deems just and proper.

## COUNT TWO
## DECLARATORY JUDGMENT

111. Plaintiff incorporates and adopts paragraphs 1 through 110 above as if fully set forth herein.

112. Plaintiff and Defendants have an overtime compensation dispute pending.

113. The Court has jurisdiction to hear Plaintiff's request for declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201–02.

114. Plaintiff is entitled to declarations, and requests that the Court make declarations as to the following matters and as to other matters deemed appropriate by the Court:

      a. Defendants employed Plaintiff.

      b. Defendants are engaged in an enterprise covered by the overtime provisions of the FLSA.

      c. Plaintiff individually is covered by the overtime provisions of the FLSA.

      d. Plaintiff was not an exempt employee pursuant to the FLSA.

      e. Defendants failed and refused to make payments of overtime compensation to Plaintiff, in violation of the provisions of the FLSA.

      f. Defendants' failures to pay overtime compensation to Plaintiff were willful.

      g. Plaintiff is entitled to damages in the amount of overtime compensation not paid by Defendants at the rate of one and one-half times Plaintiff's regular rate of pay.

      h. Plaintiff is entitled to an equal amount as liquidated damages.

      i. Plaintiff is entitled to recover his costs and a reasonable attorney's fee incurred in prosecuting his claim.

115. It is in the public interest to have these declarations of rights recorded as Plaintiff's declaratory judgment action serves the useful purposes of clarifying and settling the legal relations at issue, preventing future harm, and promoting the remedial purposes of the FLSA.

116. The declaratory judgment action further terminates and affords relief from uncertainty, insecurity, and controversy giving rise to the proceeding.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendants:

a. Declaring, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201–02, that the acts and practices complained of herein are in violation of the overtime and wage provisions of the FLSA;

b. Awarding Plaintiff his reasonable attorney's fees and the costs and expenses of the litigation pursuant to the FLSA; and

c. For such other and further relief as the Court deems just and proper

Dated: November 10, 2015

Respectfully submitted,

**PHILLIPS DAYES NATIONAL EMPLOYMENT LAW FIRM PC**

By: /s/ Trey Dayes
  Trey Dayes
  Attorney for Plaintiff