# EXHIBIT A

**SETTLEMENT AGREEMENT**

THIS SETTLEMENT AGREEMENT ("Agreement") is made and entered by and between WALTER DOLAN ("Dolan") and WORLD WIDE STONE CORPORATION, INC., FRANK CUNNINGHAM, JOHN HECK and JOEL ALLRED (collectively, for purposes of this Settlement Agreement only, "WWS").

RECITALS

Dolan has asserted certain claims against WWS in a civil action pending in the United States District Court entitled *Walter Dolan v. World Wide Stone Corporation*, et al., at Cause No. CV 15-02269-PHX-DMF.

The parties desire to settle and compromise the claims asserted in said action and to settle any and all other disputes between them.

AGREEMENT

1. **Consideration to Dolan.**

WWS shall cause Dolan to be paid $30,000 via a check payable to him and mailed to his attorneys, Phillips Dayes National Employment Law Firm, P.C., within 21 days of the Effective Date of this Agreement (as defined in paragraph 3 below). WWS's insurer shall issue a non-payroll check in the amount of $30,000 made payable to Dolan, and in January of 2017, the insurer shall provide one IRS Form 1099 to Dolan showing this amount paid in the form's box 3. Dolan shall be responsible for all taxes on said payment.

Dolan and WWS, each represented by competent counsel who have carefully reviewed the facts, law, and this Agreement, believe that the Agreement fairly and reasonably resolves the parties' dispute regarding Dolan's claim for unpaid overtime under the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). As such, the parties are submitting this Agreement to the Court for its approval along with a Joint Motion for Approval of Settlement Agreement

and Order for Dismissal of All Claims with Prejudice.

2.     **Release and Waiver.**

In consideration for the benefits provided above, Dolan fully and completely releases, waives and discharges any and all suits, causes of action, demands, claims, charges, complaints, liabilities, costs, losses, damages, injuries, bonds, judgments, and attorneys' fees and expenses, in any form whatsoever, in law or in equity, whether known or unknown (collectively, "Claims"), arising out of Dolan's employment, that Dolan has ever asserted, or could assert, against WWS, any other entities that are affiliated with WWS, as well as WWS's insurers, directors, officers, employees, owners, agents, representatives, members, successors, affiliates, subsidiaries, and assigns ("Releasees") as of the date of this Agreement. These released Claims are intended to and do include, without limitation, any and all Claims that Dolan can or could assert against one or more of the Releasees for wrongful discharge, discrimination, harassment, breach of contract, retaliation, constructive discharge, defamation or other torts, statutory claims, contract claims, or common law claims arising under any federal, state or local law. These released Claims are further intended to and do include, without limitation, any and all Claims that Dolan can or could assert against one or more of the Releasees under the Arizona Civil Rights Act, Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act, the Americans with Disabilities Act, the Fair Labor Standards Act, and any applicable state or local discrimination laws, wages, back or front pay, employee benefits, compensatory damages, punitive damages, liquidated damages, attorneys' fees, and expenses and costs.

Dolan also agrees to sign the Attachment A hereto, Medicare Release, which Dolan represents is accurate and truthful, and which Medicare Release is hereby incorporated into this Settlement Agreement.

For purposes of this release, waiver and discharge of Claims, Dolan expressly understands and acknowledges that he:

    A)     has a full twenty-one (21) days within which to consider this Agreement before executing it;

    B)     has carefully read and fully understands all the provisions of this Agreement;

    C)     is, through this Agreement, releasing WWS and the Releasees from any and all Claims he may have against WWS and the Releasees as of the date this Agreement is signed;

    D)     knowingly and voluntarily agrees to all the terms set forth in this Agreement;

    E)     knowingly and voluntarily intends to be bound by the same;

    F)     was advised and hereby is advised in writing to consider the terms of this Agreement and consult with an attorney of Dolan's choice prior to executing this Agreement;

    G)     has had a full seven (7) days following the execution of this Agreement to revoke this Agreement and has been and hereby is advised in writing that this Agreement shall not become effective or enforceable until the revocation period has expired;

    H)     understands that rights or claims under the Age Discrimination in Employment Act of 1967 (29 U.S.C. § 621 *et seq.*) that may arise after the date of this Agreement is executed are not waived.

**3.   Effective Date of Agreement.**

Dolan may revoke this Agreement during the seven calendar days following the day Dolan signs the Agreement. The Agreement will not become fully effective until the eighth calendar day after Dolan signs it or the date upon which the Court approves this Agreement, whichever date is later. If Dolan elects to revoke the Agreement after signing it, Dolan must do so in writing and the written notice of revocation must be sent to WWS. To be effective, the revocation must be received by WWS during the seven calendar days after the day Dolan signs this Agreement.

**4.   Choice of Law and Interpretation.**

This Agreement is made and entered into in the State of Arizona, and shall in all respects be interpreted, enforced and governed under the laws of the State of Arizona. The language of all parts of this Agreement shall in all cases be construed as a whole, according to its fair

meaning, and not strictly for or against any of the parties.

5. **Non-Disparagement.**

Dolan agrees that he shall not, directly or indirectly, disparage or otherwise criticize WWS or its business, employees, members, or agents, or cause third parties to directly or indirectly disparage or criticize WWS or its business, employees, members, or agents. This provision applies to all communications, including, but not limited to, verbal and written communications, and all other communications, including, but not limited to, electronic and internet communications.

6. **Entire Agreement.**

This Agreement sets forth the entire agreement between the parties hereto, and, unless set forth herein, fully supersedes any and all prior agreements or understanding between the parties hereto pertaining to the subject matter hereof, and may only be modified by a subsequent written agreement that is signed by the parties hereto.

EXECUTED this 23RD day of SEPTEMBER, 2016.

_____
WALTER DOLAN

WORLD WIDE STONE CORPORATION, INC.

By: _____
Printed Name: Frank Cunningham
Title: Pres.

_____
FRANK CUNNINGHAM

ROXANA BRISENDINE
NOTARY PUBLIC, ARIZONA
MARICOPA COUNTY
My Commission Expires
July 14, 2019

- 4 -

JOHN HECK

_____
~~JOEL ALLRED~~

STATE OF ARIZONA     )
                     )  ss.
County of Maricopa   )

SUBSCRIBED AND SWORN to before me this 23RD day of SEPTEMBER, 2016, by WALTER DOLAN.

_____
Notary Public

My commission expires:

**OFFICIAL SEAL**
**STACY FERGUS**
Notary Public - Arizona
MARICOPA COUNTY
My Commission Expires
DECEMBER 31, 2019

STATE OF ARIZONA     )
                     )  ss.
County of Maricopa   )

SUBSCRIBED AND SWORN to before me this 12 day of October 2016, ~~2014~~, by Frank Cunningham, president on behalf of WORLD WIDE STONE CORPORATION, INC.

ROXANA BRISENDINE
_____
Notary Public

My commission expires:

July 14, 2019

**ROXANA BRISENDINE**
NOTARY PUBLIC, ARIZONA
MARICOPA COUNTY
My Commission Expires
July 14, 2019

- 5 -

STATE OF ARIZONA )
) ss.
County of Maricopa )

SUBSCRIBED AND SWORN to before me this 12 day of October, 2016, by FRANK CUNNINGHAM.

_ROXANA BRISENDINE_
Notary Public

My commission expires:

July 14, 2019

```
ROXANA BRISENDINE
NOTARY PUBLIC, ARIZONA
MARICOPA COUNTY
My Commission Expires
July 14, 2019
```

STATE OF ARIZONA )
) ss.
County of Maricopa )

SUBSCRIBED AND SWORN to before me this 12 day of October, 2016, by JOHN HECK.

_ROXANA BRISENDINE_
Notary Public

My commission expires:

July 14, 2019

```
ROXANA BRISENDINE
NOTARY PUBLIC, ARIZONA
MARICOPA COUNTY
My Commission Expires
July 14, 2019
```

STATE OF ARIZONA )
) ss.
County of Maricopa )

SUBSCRIBED AND SWORN to before me this 12 day of October, 2016, by JOEL ALLRED.

_ROXANA BRISENDINE_
Notary Public

My commission expires:

July 19, 2019

```
ROXANA BRISENDINE
NOTARY PUBLIC, ARIZONA
MARICOPA COUNTY
My Commission Expires
July 14, 2019
```

## ATTACHMENT A – MEDICARE RELEASE

In accordance with the Settlement Agreement executed in the above matter and in connection with the receipt of $30,000 from United States Liability Insurance Company and Defendants (the "Settlement Payment"), I hereby attest to the following:

1. To the best of my knowledge and belief, there are no Medicare, social security, hospital, medical insurance coverage subrogation claims or any and all other type of liens which could be claimed from the Settlement Payment;

2. I am not currently enrolled in Medicare Plan A or Plan B;

3. I am not currently eligible for Medicare benefits;

4. I am not currently receiving social security disability benefits and have not received social security benefits for the last 24 months;

5. I do not have end stage renal disease;

6. Pursuant to Section 111 of the Medicare, Medicaid and SCHIP Extension Act of 2007, I attest to the following information as being accurate:

Full Name as it appears on your Social Security Card
_WALTER P. DOLAN_

Social Security Number
_041 76 8606_

Address
_422 E. ORANGE_
_PHOENIX, AZ._

Date of Birth
_2-27-67_

Medicare Health Insurance Claim Number (HICN) (if none so state)
_NONE_

Gender
(Male)

It is understood and agreed that the information provided on this Release will be provided to The Centers for Medicare and Medicaid Services pursuant to The Medicare, Medicaid and SCHIP Extension Act of 2007.

_____
WALTER DOLAN

- 7 -